Clarisse C. Petersen (SBN 260806)
Elisabeth F. Whittemore (SBN 308436)
JACKSON LEWIS P.C.
200 Spectrum Center Drive, Suite 500
Irvine, California 92618
Telephone: (949) 885-1360
Facsimile: (949) 885-1380
Email:   clarisse.petersen@jacksonlewis.com
         elisabeth.whittemore@jacksonlewis.com

Attorneys for Defendant WAL-MART STORES EAST, LP
(erroneously sued as WAL-MART STORES EAST, LP.)

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER BEER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES EAST, LP.; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO: '21CV2124 JLS MDD<br><br>*[Removed from San Diego County Superior Court, Case No. 37-2021-00038365-CU-OE-NC]*<br><br>**DEFENDANT WAL-MART STORES EAST, LP'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441(B), AND 1446**<br><br>Complaint Filed: Sept. 8, 2021<br>Trial Date: None Set |

**TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, PLAINTIFF HEATHER BEER, AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant WAL-MART STORES EAST, LP ("Defendant") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. sections 1332, 1441(b), and 1446 to remove this action from the Superior Court of California for the County of San Diego on the grounds of diversity of citizenship. In support thereof, Defendant asserts the following:

## I. DIVERSITY JURISDICTION

1. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. sections 1332 and 1441. This case may be removed pursuant to 28 U.S.C. sections 1332, 1441, and 1446 because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. This Court has jurisdiction over this action because complete diversity exists between Plaintiff HEATHER BEER ("Plaintiff") and Defendant.

3. Plaintiff is a citizen of the State of California and was a citizen at the time of the filing of her Complaint. A true and correct copy of the Summons and Complaint, along with the Civil Case Cover Sheet, and Notice of Case Assignment and Case Management Conference are collectively attached hereto as Exhibit A to the Declaration of Elisabeth F. Whittemore ("Whittemore Decl.") filed concurrently herewith. (Whittemore Decl., ¶¶ 2–3, Exh. A.)

4. Defendant is now, and was at the time this action was commenced, citizen of the State of Delaware and citizen of the State of Arkansas within the meaning of 28 U.S.C. section 1332. At all material times, Defendant was a corporation organized under the laws of the State of Delaware, and at all material times Defendant has maintained its principal place of business, including its corporate headquarters, in the State of Arkansas. (Whittemore Decl., ¶ 7, Exhs. C and D.)

5. Plaintiff's Complaint contemplates a matter in controversy that exceeds the sum or value of $75,000, exclusive of interest and costs.

## II. TIMELINESS OF REMOVAL

6. On or about September 8, 2021, Plaintiff filed an action against Defendant titled "HEATHER BEER, an individual, Plaintiff v. WAL-MART STORES EAST, LP.; and DOES 1 through 50, inclusive, Defendant," in the Superior Court of the State of California, County of San Diego, Case No. 37-2021-00038365-CU-OE-NC (the "State Court Action"). (Whittemore Decl., ¶ 2, Exh. A.)

///

7. On September 23, 2021, Defendant was served with the Summons and Complaint. (*Id.* at ¶ 4.)

8. On December 23, 2021, Defendant timely filed an Answer. (*Id.* at ¶ 5, Exh. B.)

9. As of the date of this Notice of Removal, the Summons and Complaint, the Civil Case Cover Sheet, and Notice of Case Assignment and Case Management Conference constitute the pleadings, process, and orders served upon Defendant in the State Court Action. No further proceedings have been had in the state court as of the date of this Notice of Removal. (*Id.* at ¶ 6.)

10. Pursuant to 28 U.S.C. section 1446(b), this case is being removed within thirty (30) days of service of a document (the Summons and Complaint) upon Defendant in which diversity of citizenship is apparent.

### III. REMOVAL BASED ON DIVERSITY JURISDICTION

11. The Complaint and all causes of action alleged therein may be properly removed on the basis of diversity jurisdiction, in that this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

#### A. COMPLETE DIVERSITY EXISTS BETWEEN PLAINTIFF AND DEFENDANT

12. Plaintiff is now, and at the time this action commenced, a citizen of the State of California within the meaning of U.S.C. section 1332(a). Plaintiff's residence and domicile are, and were, located within the State of California. (Whittemore Decl., ¶ 3, Exh. A, ¶ 1); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is her permanent home, where she resides with the intention to remain to which she intends to return."

13. If a party is a corporation, it is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010).

14. Defendant is now, and was at all material times, a corporation organized under the laws of the State of Delaware. Defendant is thus a citizen of the State of Delaware. (Whittemore Decl., ¶ 7, Exhs. C and D.)

15. Defendant is now, and was at all material times, headquartered in Bentonville, Arkansas. (Whittemore Decl., ¶ 7, Exh. C.) Defendant's officers and directors are employees whose offices are located at Defendant's headquarters in Bentonville, Arkansas. (*Id.*) Defendant performs the vast majority of its executive and administrative functions, including coordinating services and overall business operations, at its headquarters in Bentonville, Arkansas. Defendant is hence a citizen of the State of Arkansas because its principal place of business is Bentonville, Arkansas. 28 U.S.C. § 1332(c); *Hertz Corp. v. Friend*, 559 U.S. at 93 ("[W]e conclude that the phrase 'principal place of business' refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities.").

16. Therefore, for the purpose of determining jurisdiction, Defendant was not—and is not—a citizen of the State of California. Rather, it was—and is—a citizen of the States of Delaware and Arkansas.

17. "Doe" defendants fictitiously named, but not served, are not joined in this Notice of Removal and shall be disregarded for the purpose of determining removal jurisdiction. 28 U.S.C. § 1441(b)(1). In determining whether diversity of citizenship exists, only the named defendants are considered. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998).

18. Accordingly, complete diversity exists between Plaintiff and Defendant.

**B.   THE AMOUNT IN CONTROVERSY EXCEEDS THE $75,000 JURISDICTIONAL MINIMUM**

19. The jurisdictional minimum amount that must be in controversy, over $75,000, was satisfied at the time of the filing of this action and is still satisfied by the facts set forth herein and described more specifically below. 28 U.S.C. § 1332(a) ("[D]istrict courts . . . have original jurisdiction of all civil actions where the matter in controversy

exceeds the sums or value of $75,000, exclusive of interest and costs and is between . . . citizens of different States."; *see also Matheson v. Progressive Specialty Ins., Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Jurisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000.").

20. In her Complaint, Plaintiff alleges the following causes of action: (1) Sexual Harassment in Violation of the Fair Employment and Housing Act ("FEHA"); (2) Failure to Take All Reasonable Steps to Prevent Harassment in Violation of FEHA; (3) Sexual Assault; (4) Sexual Battery; (5); Retaliation in Violation of FEHA and (6) Wrongful Termination in Violation of FEHA.[1] (Whittemore Decl., ¶ 2, Exh. A.)

21. Defendant discusses the allegations in Plaintiff's Complaint solely to demonstrate that the amount in controversy in this matter exceeds $75,000. Defendant denies that Plaintiff is entitled to any damages and denies that Plaintiff will be able to recover on any of her legal theories.

22. In assessing the amount in controversy, this Court may, for removal purposes, look to the removal papers and the pleadings, as well as summary judgment type evidence. *Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 908 (9th Cir. 2005); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

23. A defendant need only establish by a preponderance of the evidence that it is more probable than not that the plaintiff's claimed damages exceed the jurisdictional minimum. *See* 28 U.S.C. § 1446(c)(2)(B); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 405–04 (9th Cir. 1997).

/ / /

/ / /

/ / /

---

[1] For purposes of this Removal, Defendant surmises Plaintiff intended to cite California Government Code section 12940 and not California Government Code section 1940 in support of her fifth and sixth causes of action based on the allegations therein.

**1.     The Amount in Controversy is Measured by the Damages and Attorneys' Fees "At Stake" in the Litigation, to Which Plaintiff Would be Entitled if She Prevails**

24.     In measuring the amount in controversy for purposes of diversity jurisdiction, "a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002) (internal quotations and citations omitted).

25.     In addition, the Court should aggregate damages in determining whether the controversy exceeds $75,000. *Bank of Cal. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972) ("aggregation is permitted when a single plaintiff seeks to aggregate two or more of her own claims against a single defendant") (internal quotations omitted).

26.     Further, as instructed by the Ninth Circuit in *Chavez*, "the amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal)[; but] rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez*, 888 F.3d at 414–15; *see e.g., Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorney's fees may be taken into account to determine jurisdictional amount); *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975) ("It is settled that the statutory penalty and a statutory attorney's fee can be considered in determining whether the jurisdictional amount is met.").

27.     Here, Plaintiff seeks: (1) "damages for past and future medical, psychotherapy, and related expenses;" (2) "general damages for physical and mental pain and suffering and emotional distress;" (3) "damages for past loss wages and earning capacity, and/or future lost wages and earning capacity;" (4) statutory damages; (5) punitive damages; (6) pre- and post-judgment; and (7) attorneys' fees and costs.

(Whittemore Decl., ¶ 2, Exh. A., Prayer for Relief ¶¶ 1–8.)

### 2. Lost Wages

28.   Defendant has a reasonable good faith belief that Plaintiff is seeking damages in excess of the $75,000 jurisdictional requirement.  Plaintiff seeks damages associated with "damages for past loss wages and earning capacity, and/or future lost wages and earning capacity." (Whittemore Decl., ¶ 2, Exh. A., Prayer for Relief ¶ 3.)

29.   At the time of her last day worked, February 5, 2021, Plaintiff's hourly rate was $14.00, and she was scheduled to work approximately 13.3 hours per week. (Declaration of Janet Spomer, ¶ 3.)[2]  Plaintiff was thus scheduled to earn approximately $806.87 per month.[3]

30.   Under a conservative estimate, any judgment in this case will likely be rendered no earlier than March 2024, or 28.3 months from the date of filing.[4]  Therefore, based on the alleged date of separation, February 5, 2021, if Plaintiff is successful in her claims against Defendant, she could be entitled to approximately three years of lost earnings, plus another two years of front pay by the time of trial for a total of **$48,4112** in economic damages ($14.00 x 13.3 hours x 260 weeks).  (*Id.* at ¶ 3.)  These damages, in conjunction with her other alleged damages, will exceed the requisite jurisdictional amount.

### 3. Emotional Distress Damages

31.   Plaintiff seeks special damages and damages associated with "severe and permanent emotional and mental distress and anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety" as well as "physical manifestations thereof"

---

[2] Defendant applies an average of 13.3 hours per week based on Plaintiff's hours worked while earning $14.00 per hour for purposes of establishing the requisite amount in controversy in this Removal.

[3] ($14.00 x 13.3 hours per week x 52 weeks) / 12 months = $806.87.

[4] Pursuant to 28 U.S.C. § 604(a)(2), the Federal Court Management Statistics, June 2021, indicates that in the Southern District of California, the median time from filing a civil action in federal court to trial is 28.3 months.  (Whittemore Decl., ¶ 9; *see also* Defendant's Request for Judicial Notice ¶ 9, Exh. 9.) Defendant requests that the Court take judicial notice of these facts pursuant to Federal Rule of Evidence 201.

"according to proof." (Whittemore Decl., ¶ 2, Exh. A, ¶¶ 39, 43, 50, 54, Prayer for Relief ¶ 2.)

32. Emotional distress damages may be considered when calculating the amount in controversy even where not clearly pled in the complaint. Importantly, "a defendant does not need to show that cases are factually similar [but rather] **only that the cases are 'analogous,' which [courts have] interpret[ed] to mean involving the same cause of action**. *Saldana v. Home Depot USA, Inc.*, 2016 U.S. Dist. LEXIS 80064, at *9 (E.D. Cal. June 20, 2016); *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1033 (N.D. Cal. 2002) ("The fact that the cited cases involved distinguishable facts is not dispositive . . . [because] the jury verdicts in [the cited] cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases.")).

33. Defendant vigorously denies Plaintiff's allegations. However, if Plaintiff were to prevail, an award for emotional damages alone could exceed the $75,000 jurisdictional minimum. *See e.g.*, Defendant's Request for Judicial Notice ("RJN"), Exh. 1, *Eun Joo Ko v. Square Grp., LLC dba The Square Supermarket*, Case No. BC487739 (Cal. Super. Ct. June 16, 2014) (**$125,000** in emotional distress damages for wrongful termination); RJN, Exh. 2, *Juarez v. Autozone Stores, Inc.*, 2014 WL 7017660 (S.D. Cal. 2014) (jury verdict of **$250,000** for pain and suffering in discrimination case); RJN, Exh. 3, *Kolas v. Access Bus. Grp. LLC*, Case No. BC364232 (Cal. Super. Jan. 14, 2008) (**$200,000** in emotional distress damages for wrongful termination claim); RJN, Exh. 4, *Kimberly Landis v. Pinkertons, Inc.,* 122 Cal.App.4th 985, 988 (2004) (**$275,000** emotional distress damages awarded in wrongful termination case).

34. Plaintiff's allegations that she was wrongfully terminated and retaliated against because of her purported complaints of sexual harassment are similar to the aforementioned cases. It is entirely conceivable that Plaintiff's emotional distress damages will far exceed the requisite $75,000 amount in controversy.

/ / /

/ / /

### 4. Punitive Damages

35. Plaintiff further alleges Defendant's conduct was "oppressive, malicious, and despicable," "outrageous[]," and the acts of its purported "managerial employees" were "willful, wanton, malicious, intentional, oppressive and despicable, and were done in willful and conscious disregard of the rights, welfare, and safety of Plaintiff." Accordingly, Plaintiff claims she is "entitled to recover punitive and exemplary damages. . . ." (Whittemore Decl., ¶ 2, Exh. A, ¶¶ 29, 34, 40, 44, 51, 54, 55, 59, 64, Prayer for Relief ¶ 5.) Although Defendant vigorously denies Plaintiff's allegations, and certainly denies that an award of punitive damages would be appropriate, Plaintiff's request for punitive damages must be taken into account in ascertaining the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Campbell v. Hartford Life Ins. Co.,* 825 F.Supp.2d 1005, 1008 (E.D. Cal. 2011).

36. To establish the amount in controversy, particularly with respect to punitive damages, a defendant may rely on jury verdicts in cases involving similar facts. *Simmons*, 209 F.Supp.2d at 1033; *Kroske*, 432 F.3d at 980. Notably, the facts of "comparator cases" relied upon by a removing defendant do not require identical facts and need not quantify an exact value of damages. *See Mejia v. Parker Hannifin Corp.*, 2018 WL 582325, at *3 (C.D. Cal. 2018) ("Overall, district courts appear to require only "analogous" or even "similar" exampled, not identical cases."); *Castillo v. ABM Indus., Inc.*, 2017 WL 5609791, at *3 (C.D. Cal. 2017 (same); *Castle v. Lab. Corp. of Am.*, 2017 WL 2111591, at *4 (C.D. Cal. 2017) (same).

37. Therefore, here, if Plaintiff is able to prove her claims at trial, it is reasonable to conclude that she will seek, and a jury could award, in excess of $75,000 solely for punitive damages. (*See* RJN, Exh. 5, *Navarro v. 4Earth Farms, Inc. et al.*, 2019 Cal.App.Unpub. LEXIS 986, at *11 (2019) (award of **$100,000** in punitive damages in disability discrimination and wrongful termination case); RJN, Exh. 6, *Tapia v. San Gabriel Transit, Inc.*, Case No. BC482433 (Cal. Super. Ct. Nov. 16, 2015) (awarding **$400,000** in punitive damages in discrimination and wrongful termination case).

### 5. Attorneys' Fees

38. Plaintiff also seeks attorneys' fees pursuant to California Government Code section 12965(b). (Whittemore Decl., ¶ 2, Exh. A, ¶¶ 30, 35, 38, Prayer for Relief ¶ 7.)

39. Where an underlying statute authorizes an award of attorneys' fees, such potential fees may be included in calculating the amount in controversy. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). "Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy." *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1011 (N.D. Cal. 2002); *Celestino v. Renal Advantage, Inc.*, 2007 U.S. Dist. LEXIS 33827, *11 (N.D. Cal. 2007) ("the amount in controversy includes not only damages accrued up to the time of removal, but also a reasonable assessment of damages likely to be accrued after the time of removal"). Further, pursuant to *Chavez*, it is appropriate to consider post-removal attorneys' fees in calculating the amount in controversy. *See Chavez*, 88 F.3d at 417; *Lucas v. Michael Kors (USA), Inc.*, No. 2018 WL 2146403, at *11 (C.D. Cal. 2018); *Bernstein v. BMW of N. Am., LLC*, 2018 WL 2210683, at *2 (N.D. Cal. 2018).

40. Here, Defendant's counsel reasonably estimates that attorneys' fees alone will exceed the sum of $75,000 through trial, if Plaintiff were to prevail. (Whittemore Decl., ¶ 7.) Defendant's attorney, Elisabeth F. Whittemore, has represented employers in employment litigation for approximately five years in California and is familiar with fees awarded to plaintiff's counsel in similar actions filed in California and federal court. (*Id.*) Based on Ms. Whittemore's experience and Plaintiff's allegations, it would be reasonable to expect that attorneys' fees alone in this case will exceed the sum of $75,000 through trial. (*Id.*; *see also e.g.*, RJN, Exh. 7, *Lave v. Charter Comms. LLC*, 2020 Cal.App.Unpub. LEXIS 8483, at *1, *8, *27, *32 (2020) (plaintiff awarded **$400,800** in attorneys' fees for disability discrimination, failure to prevent discrimination, failure to accommodate, and wrongful termination); RJN, Exh. 8, *Perry v. eGumball, Inc.*, Case No. 30-2013-00692868-

CU-WT-CJC (Cal. Super. Ct. Jun. 18, 2015) (ordering payment of reasonable attorney fees, with the plaintiff's counsel claiming fees in excess of **$1 million**).

41. Accordingly, Plaintiff's demand for lost wage damages, emotional distress damages, punitive damages, and attorneys' fees combined show that the amount "at stake" exceeds the $75,000 jurisdictional threshold. *Anthony v. Sec. Pac. Fin. Servs., Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankinship*, 20 F.3d 383, 386–87 (10th Cir. 1994).

42. For these reasons, this Court has original jurisdiction pursuant to 28 U.S.C. section 1332, and this action may be removed by Defendant to this Court pursuant to 28 U.S.C. section 1441 based on diversity jurisdiction.

## IV.   VENUE

43. Venue lies in the United States District Court for the Southern District of California pursuant to 28 U.S.C. Sections 1441(a) and 1332(a) because the State Court Action was filed in this District and division, thereby embracing the place where this action is pending.

## V.   NOTICE TO COURT AND PARTIES

44. Along with the filing of this Notice of Removal in the United States District Court for the Southern District of California, written notice of the removal will be given by the undersigned to Plaintiff's counsel and a copy of this Notice of Removal will filed with the Clerk of the Superior Court for the State of California, County of San Diego.

45. This Notice of Removal is signed by Defendant's counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure.

## VI.   CONCLUSION

46. For the reasons stated above, this Court has jurisdiction under 28 U.S.C. sections 1332 and 1441.

/ / /

/ / /

/ / /

47. Defendant therefore may remove the State Court Action to this Court pursuant to 28 U.S.C. section 1441. Defendant respectfully requests that this Court exercise its removal jurisdiction over this entire action under 28 U.S.C. sections 1332 and 1441.

DATED: December 23, 2021                JACKSON LEWIS P.C.

By: */s/ Elisabeth F. Whittemore*
Clarisse C. Petersen
Elisabeth F. Whittemore

Attorneys for Defendant
WAL-MART STORES EAST, LP
(erroneously sued as WAL-MART STORES EAST, LP.)

# PROOF OF SERVICE

<u>Heather Beer v. v. Wal-Mart Stores East, LP, et al.</u>
**USDC Case No:**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is: 200 Spectrum Center Drive, Suite 500, Irvine, California 92618.

On **December 23, 2021,** I caused the following document(s) described as: **DEFENDANT WAL-MART STORES EAST, LP'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441(B), AND 1446** to be served on all interested parties in this action addressed as follows:

| Raymond J. Zolekhian, Esq.<br>Elan Zekster, Esq.<br>Brennan S. Huelse, Esq.<br>OAKWOOD LEGAL GROUP, LLP<br>470 South San Vicente Blvd., 2nd Floor<br>Los Angeles, California 90048 | Attorneys for Plaintiff HEATHER BEER<br><br>Telephone: (310) 205-2525<br>Facsimile: (310) 773-55739<br>Email: raymond@oakwoodlegal.com<br>elan@oakwoodlegal.com<br>brennan@oakwoodlegal.com |

☒ **BY MAIL:** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **FEDERAL** - I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed **December 23, 2021** at Irvine, California.

Gabriela Rubio                     By: *[signature: Gabriela Rubio]*
_____                    _____
Print Name                                          Signature

4866-9306-1638, v. 2

PROOF OF SERVICE