Clarisse C. Petersen (SBN 260806)
Elisabeth F. Whittemore (SBN 308436)
JACKSON LEWIS P.C.
200 Spectrum Center Drive, Suite 500
Irvine, California 92618
Telephone: (949) 885-1360
Facsimile: (949) 885-1380
Email:      clarisse.petersen@jacksonlewis.com
            elisabeth.whittemore@jacksonlewis.com

Attorneys for Defendant WAL-MART STORES EAST, LP
(erroneously sued as WAL-MART STORES EAST, LP.)

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER BEER, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>WAL-MART STORES EAST, LP.; and DOES 1 through 50, inclusive,<br><br>        Defendants. | CASE NO.  '21 CV 2124 JLS  MDD<br><br>**DECLARATION OF ELISABETH F. DEFENDANT WAL-MART STORES EAST, LP'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441(B), AND 1446**<br><br>Complaint Filed:   Sept. 8, 2021<br>Trial Date:        None Set |

## DECLARATION OF ELISABETH F. WHITTEMORE

I, Elisabeth F. Whittemore, declare as follows:

1.      I am an attorney duly admitted to practice law before all the courts in the State of California and in the United States District Court for the Southern District of California, with which I am in good standing. I am an attorney with the law firm of Jackson Lewis, P.C., attorneys of record for Defendant WAL-MART STORES EAST, LP ("Defendant"). I have been assigned to this matter, and I am familiar with the contents of the file and the proceedings herein. I have personal knowledge of the facts contained in this declaration, and, if called upon as a witness, I would and could competently testify thereto.

2.     On September 8, 2021, Plaintiff HEATHER BEER ("Plaintiff") filed a Complaint against Defendant in the San Diego County Superior Court, entitled *Heather Beer v. Wal-Mart Stores East LP. et al.*, Case No. 37-2021-00038365-CU-OE-NC.  In the Complaint, Plaintiff asserts the following causes of action: (1) Sexual Harassment in Violation of the Fair Employment and Housing Act ("FEHA"); (2) Failure to Take All Reasonable Steps to Prevent Harassment in Violation of FEHA; (3) Sexual Assault; (4) Sexual Battery; (5); Retaliation in Violation of FEHA and (6) Wrongful Termination in Violation of FEHA.  A true and correct copy of the Summons and Complaint, along with the Civil Case Cover Sheet, and Notice of Case Assignment and Case Management Conference, are collectively attached hereto as **Exhibit A.**

3.     In her Complaint, Plaintiff states that all relevant times to her Complaint, she was "an individual . . . residing in the County of San Diego, State of California."  (See **Exhibit A**.)

4.     On or about November 23, 2021, Plaintiff caused a copy of the Summons and Complaint to be served on Defendant.  (See **Exhibit A**.)

5.     On or about December 23, 2021, Defendant timely filed an Answer.  A true and correct copy of the Answer is attached hereto as **Exhibit B**.

6.     As of the date of this Notice of Removal, the attached **Exhibits A and B** constitute all the pleadings received or filed in this matter and no further proceedings have been had in the state court as of the date of this Notice of Removal.

7.     On December 9, 2021, I visited the California Secretary of State's Business Search website (https://businesssearch.sos.ca.gov/).  I searched for Defendant's "Foreign Limited Partnership Application for Registration," which was filed with the California Secretary of State on December 31, 2001.  I also searched for Defendant's "Certificate of Correction," which was filed with the California Secretary of State on August 6, 2021.  Pursuant to the Foreign Limited Partnership Application for Registration, Defendant is incorporated in the State of Delaware and its principal place of business, including the location of its executive offices, is the State of Arkansas.  A true and correct copy of

DECLARATION OF ELISABETH F. WHITTEMORE IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA

Defendant's "Foreign Limited Partnership Application for Registration" is attached hereto as **Exhibit C**. A true and correct copy of Defendant's "Certificate of Correction" is attached hereto as **Exhibit D**.

8. Plaintiff is represented by the firm of OAKWOOD LEGAL GROUP, LLP. Prior to the filing of Defendant's Notice of Removal, I caused a search to be conducted of Plaintiff's attorney, Raymond J. Zolekhian. Mr. Zolekhian was admitted to practice in California in 2006. *See*, California State Bar website for Mr. Zolekhian's information at https://apps.calbar.ca.gov/attorney/Licensee/Detail/244528. I have represented employers in employment litigation for more than five years in California, and am familiar with fees requested by plaintiff's counsel in similar actions filed in California state and federal courts alleging FEHA retaliation, discrimination, and harassment claims. Based on Plaintiff's attorneys' experience and Plaintiff's allegations, it would be reasonable to expect that, in the event that Plaintiff were to prevail at trial, Plaintiff and her legal counsel would seek attorneys' fees that alone would exceed the sum of $75,000 through trial.

9. On December 9, 2021, I visited the United States Courts' website and reviewed the Federal Court Management Statistics, June 2021, "United States District Courts – National Judicial Caseload Profile" for the Southern District Court of California. Pursuant to the June 30, 2021, statistics, the average length of time from filing of a civil lawsuit to trial in the United States District Court for the Southern District of California is 28.3 months.

10. In accordance with 28 U.S.C. Section 1446(d), I certify that a copy of this Notice of Removal and all supporting papers promptly will be served on Plaintiff's counsel and filed with the Clerk of the San Diego County Superior Court. Attached hereto as **Exhibit D** is a true and correct copy of the Notice to Adverse Party and Superior Court (excluding Exhibits) to be filed and served promptly upon the filing of this Notice of Removal.

/ / /

/ / /

DECLARATION OF ELISABETH F. WHITTEMORE IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA

1       I declare under penalty of perjury under the laws of the United States of America

2  that the foregoing is true and correct.  Executed this 23rd day of December, 2021, at Irvine,

3  California.

4  _____

5                ELISABETH F. WHITTEMORE

DECLARATION OF ELISABETH F. WHITTEMORE IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL OF
CIVIL ACTION TO UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA

# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
11/23/2021
CT Log Number 540640872

TO: Kim Lundy- Email
Walmart Inc.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

RE: **Process Served in California**

FOR: Wal-Mart Stores East, LP  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: BEER HEATHER, an individual // To: Wal-Mart Stores East, LP |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s), Notice(s) |
| **COURT/AGENCY:** | San Diego County Superior Court - North County Division, CA<br>Case # 37202100038365CUOENC |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - 12/08/2019 to 02/05/2021 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/23/2021 at 12:03 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after Service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Raymond J. Zolekhian<br>Oakwood Legal Group, LLP<br>470 South San Vicente Blvd., 2nd Floor<br>Los Angeles, CA 90048<br>310-205-2525 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/24/2021, Expected Purge Date: 11/29/2021<br><br>Image SOP<br><br>Email Notification,  Grymarys De Jesus  grymarys.dejesus@walmart.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                     Tue, Nov 23, 2021

**Server Name:**              Brandon Yadegar

| Entity Served | WAL-MART STORES EAST, L.P. |
|---|---|
| Case Number | 30-2021-00038365-CU-OE-NC |
| Jurisdiction | CA |



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:** | *FOR COURT USE ONLY* |
| *(AVISO AL DEMANDADO):* | *(SOLO PARA USO DE LA CORTE)* |

WAL-MART STORES EAST, LP.; and DOES 1 through 50, inclusive

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**09/08/2021** at 09:54:33 PM

Clerk of the Superior Court
By Amy Woolf, Deputy Clerk

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

HEATHER BEER, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: | CASE NUMBER: |
| *(El nombre y dirección de la corte es:)* Superior Court North County Division | *(Número del Caso:)* 37-2021-00038365-CU-OE-NC |
| 325 South Melrose Drive, Vista, CA 92081 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Oakwood Legal Group, LLP, 470 S. San Vicente Blvd., 2nd Floor, Los Angeles, CA 90048 (310) 205-2525

| DATE: 09/09/2021 | Clerk, by | *A. Woolf* | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | A. Woolf | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* **Wal-Mart Stores East, LP**

under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☑ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Raymond J. Zolekhian, Esq.  SBN: 244528
Elan Zektser, Esq.  SBN:  236757
Brennan S. Huelse, Esq.  SBN:  311467
OAKWOOD LEGAL GROUP, LLP
470 South San Vicente Blvd., 2ⁿᵈ Floor
Los Angeles, CA  90048
Telephone: 310-205-2525
Facsimile: 310-773-5573

Attorneys for Plaintiff,
HEATHER BEER

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**09/08/2021** at 09:54:33 PM
Clerk of the Superior Court
By Amy Woolf, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| HEATHER BEER, an individual, | Case No.:   37-2021-00038365-CU-OE-NC |
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR:** |
| vs. | 1)  Sexual Harassment in Violation of FEHA; |
| WAL-MART STORES EAST, LP.; and DOES 1 through 50, inclusive, | 2)  Failure to Take All Reasonable Steps to Prevent Harassment in Violation of Government Code § 12940(k) et seq.; |
| Defendants. | 3)  Sexual Assault; |
| | 4)  Sexual Battery; |
| | 5)  Retaliation; and |
| | 6)  Wrongful Termination; |

Plaintiff HEATHER BEER (hereinafter "Plaintiff"), by and through her undersigned counsel, hereby complains of and alleges as follows:

### JURISDICTION AND VENUE

1.    Plaintiff is, and at all relevant times herein was, an individual over the age of 18 residing in the County of San Diego, State of California.

-1-

COMPLAINT FOR DAMAGES

2.    This court has Jurisdiction in that Defendant's do business in San Diego County and all of the relevant acts took place therein.

3.    Plaintiff has exhausted her administrative remedies by the timely request of a Right-to-Sue notice from the California Department of Fair Employment and Housing within one year of the events alleged herein and received the Right-to-Sue letter dated June 8, 2021.

## **THE PARTIES**

4.    Plaintiff HEATHER BEER ("Plaintiff") is a resident of San Diego County, in the State of California.

5.    Defendant WAL-MART STORES EAST, LP. ("Defendant"), was and is, upon information and belief, a legal entity and employer under Section 11040.2(H).

6.    WAL-MART STORES EAST, LP. was doing business at 1266 E. Valley Parkway, Escondido, California 92027.

7.    Plaintiff is unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1-50, but prays for leave to amend and serve such fictitiously named Defendants pursuant to California Code of Civil Procedure § 474, once their names and capacities become known.

8.    WAL-MART STORES EAST, LP. and DOES 1-50 will hereafter be collectively referred to as "Defendants."

9.    Plaintiff is informed and believes, and thereon alleges, that each of said Defendants are in some manner intentionally, negligently, or otherwise responsible for the acts, occurrences or transactions alleged herein.

10.    Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or are attributable to, all Defendants, each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of Defendants were in accordance with, and represent the official policy of Defendants.

11.    Plaintiff is informed and believes, and thereon alleges, that at all times material hereto

COMPLAINT FOR DAMAGES

and mentioned herein, each Defendant sued herein (both named and DOE Defendants) was the agent, servant, employer, joint venturer, contractor, partner, division owner, subsidiary, division, alias, and/or alter ego of each of the remaining Defendants and was, at all times, acting within the purpose and scope of such agency, servitude, employment, contract, ownership, subsidiary, alias and with the authority, consent, approval, control, influence and ratification of each remaining Defendant sued herein.

12.    At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

## GENERAL ALLEGATIONS

13.    Plaintiff was employed at WAL-MART STORES EAST LP. at or around December, 2019, working on OGP online grocery pick-up.

14.    On December 28, 2019, While Plaintiff was on break, she walked back to the warehouse when a Customer Service Manager for WAL-MART STORES EAST LP. walked up to Plaintiff and punched her breast.

15.    The Customer Service Manager continued to punch Plaintiff's breasts on a daily bases for approximately one month.  Each time the Customer Service Manager pinched Plaintiff's breasts, she would quickly walk away in fear.

16.    On January 10, 2020, Plaintiff was walking in the WAL-MART STORES EAST LP., parking lot when the Customer Service Manager grabbed both of her breasts.  The Customer Service Manager then grabbed Plaintiff's phone and inserted his phone number onto Plaintiff's phone.  This placed the Plaintiff in fear of her safety and her employment, which caused Plaintiff severe emotional distress.

17.    The Customer Service Manager continued to pinch Plaintiff's breasts on a daily and weekly occasion.

18.    On February 12, 2020, Plaintiff reported the sexual batteries and sexual harassment to

COMPLAINT FOR DAMAGES

1   WAL-MART STORES EAST LP.

2      19.   In March of 2020, Plaintiff was interviewed by a store manager for WAL-MART

3   STORES EAST, INC.

4      20.   After Plaintiff's March, 2020, interview, Plaintiff was forced to only work as a Health

5   Assistant sitting outside of the store counting people who entered into the store.  Plaintiff would

6   have to be outside, often times in the severe heat or severe cold.

7      21.   On February 5, 2021, Plaintiff was terminated without good cause.

8

9                          **FIRST CAUSE OF ACTION**

10                    **Sex Harassment in Violation of FEHA**

11                   **(Against all Defendants and DOES 1-50)**

12      22.   Plaintiffs incorporate by reference and re-alleges each and every allegation above as

13   though fully set forth herein.

14      23.   At all times mentioned in this complaint, California's Fair Employment and Housing

15   Act ("FEHA"), was in full force and effect and was binding on Defendants.  Pursuant to FEHA,

16   an employer is prohibited from harassing and/or discriminating against an employee on the basis

17   of sex.  California Code § 12940 et. Seq.

18      24.   The harassing acts of Defendants mentioned in this Complaint against Plaintiff were

19   unwelcome and were committed by Defendants in their capacity as Defendants' employees,

20   agents or persons under Defendants' control and were committed within the scope of their

21   employment.

22      25.   Defendants' conduct as mentioned in this Complaint subjected Plaintiff to sexual

23   harassment and intimidation all of which created an abusive and hostile environment.

24      26.   In addition to Plaintiff's complaints over a period of time, Plaintiff is informed and

25   believes and based theon alleges that other employees of Defendants complained of prior sexual

26   harassment by the Customer Service Manager and no corrective action was taken.

27      27.   As a direct and proximate result of Defendants, and each of their actions, Plaintiff has

28

-4-

COMPLAINT FOR DAMAGES

suffered severe and serious emotional distress, al to Plaintiff's damage in a sum within the jurisdiction of this Court and to be shown according to proof.

28.   As a direct and proximate result of Defendants' conduct and failure to act, Plaintiff has suffered and continues to suffer actual damages, including losses in income, earnings, and other employment benefits, the exact amount of which is not yet known and to be shown according to proof.

29.   Plaintiff was subjected to cruel and unjust hardship in conscious disregard of Plaintiff's rights.  The sexual harassment by all Defendants was done with an intent to cause injury to the plaintiff.  As a consequence of the aforesaid oppressive, malicious, and despicable conduct, Plaintiff is entitled to an award of punitive damages in the sum to be shown according to proof.

30.   Plaintiff has incurred and continues to incur legal expenses and attorney fees pursuant to California Government Code Section 12965.

## SECOND CAUSE OF ACTION

**Failure to Take All Reasopnable Steps to Prevent Harassment in Violation of Government Code Section 12940(k) et. seq.**

**(Against all Defendants)**

31.   Plaintiffs incorporate by reference and re-alleges each and every allegation above as though fully set forth herein.

32.   Defendants, failed to take immediate and appropriate corrective action to prevent and remedy the harassment to which Plaintiff and other employees were subjected to.  Specifically, Defendants failed to properly investigate and remedy any claims of sexual harassment committed by the Customer Service Manager, and by doing so ratified his behavior.

33.   As a direct and proximate result of Defendants, and each of their actions, Plaintiff has suffered severe and serious emotional distress, al to Plaintiff's damage in a sum within the jurisdiction of this Court and to be shown according to proof.

34.   Plaintiff was subjected to cruel and unjust hardship in conscious disregard of

Plaintiff's rights.  The sexual harassment by all Defendants was done with an intent to cause injury to the plaintiff.  As a consequence of the aforesaid oppressive, malicious, and despicable conduct, Plaintiff is entitled to an award of punitive damages in the sum to be shown according to proof.

35.   Plaintiff has incurred and continues to incur legal expenses and attorney fees pursuant to California Government Code Section 12965.

**THIRD CAUSE OF ACTION**

**Sexual Assault**

**(Against all Defendants)**

36.   Plaintiffs incorporate by reference and re-alleges each and every allegation above as though fully set forth herein.

37.   In doing the acts herein alleged, the Customer Service Manager acted with the intent to cause an imminent apprehension and fear and harmful or offensive contact.  Said acts include, pinching Plaintiff's nipples, grabbing Plaintiff's breasts, and other offensive conduct.

38.   By the aforesaid acts and conduct, the Customer Service Manager, Plaintiff has been directly and legally caused to suffer actual damages pursuant to California Civil Code Section 3333, including, but not limited to, medical bills, attorneys' fees, and other pecuniary loss not presently ascertained, for which Plaintiff will seek leave of Court to amend when ascertained.

39.    As a further direct and legal result of the acts and conduct of the Customer Service Manager, Plaintiff has been caused, and did suffer, and continues to suffer, severe and permanent emotional and mental distress and anguish, humifaction, embarrassment, fright, shock, pain, discomfort and anxiety.

40.   The aforementioned acts of the Customer Service Manager was willful, wanton, malicious, intentional, oppressive and despicable, and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

41. would subject her to intentional invasion of her right to be free from offensive and harmful contact and demonstrated that, at all times material herein, JASPER had the present ability to subject Plaintiff to an intentional offensive and harmful contact.

42. At no time did Plaintiff consent to any of the acts by JASPER as alleged herein.

43. As a direct and proximate result of the actions of Defendants, and each of them, Plaintiff has suffered and will continue to suffer extreme and severe mental anguish and emotional distress as well as physical manifestations thereof. As such, Plaintiff is entitled to general and special damages in amounts to be proven at trial.

44. In engaging in the conduct alleged herein, Defendants, and each of them, acted oppressively, maliciously, and/or outrageously toward Plaintiff, with conscious disregard for her known rights and with the intent of causing, or willfully disregarding the probability of causing, unjust and cruel hardship to Plaintiff. By virtue of the foregoing, Plaintiff is entitled to recover punitive and exemplary damages from Defendants in a sum to be proven at the time of trial.

## Fourth CAUSE OF ACTION

### Sexual Battery

### (Against All Defendants)

45. Plaintiffs incorporate by reference and re-alleges each and every allegation above as though fully set forth herein.

46. The Customer Service Manager, acting individually and/or in concert, attacked, assaulted battered Plaintiff during the course of her employment on Defendants' premises.

47. In doing the acts herein alleged, the Customer Service Manager acted with the intent to cause harmful or offensive contacts, and did cause such harmful or offensive contacts.

48. The acts herein alleged included but are not limited to grabbing Plaintiff's breasts and pinching Plaintiff's nipples.

49. Plaintiff did not consent to any of the acts described herein.

50.   As a direct and proximate result of the actions of Defendants, and each of them, Plaintiff has suffered and will continue to suffer extreme and severe mental anguish and emotional distress as well as physical manifestations thereof. As such, Plaintiff is entitled to general and special damages in amounts to be proven at trial.

51.   In engaging in the conduct alleged herein, Defendants, and each of them, acted oppressively, maliciously, and/or outrageously toward Plaintiff, with conscious disregard for her known rights and with the intent of causing, or willfully disregarding the probability of causing, unjust and cruel hardship to Plaintiff. By virtue of the foregoing, Plaintiff is entitled to recover punitive and exemplary damages from Defendants in a sum to be proven at the time of trial.

52.

53.   In perpetrating the conduct described herein, Defendants, and each of them, acted with the intent to cause, or with reckless disregard for the probability of causing, and did in fact cause, Plaintiff to severe and extreme emotional distress.

54.   As a direct and proximate result of the acts by Defendants, and each of them, Plaintiff has suffered and will continue to suffer emotional distress, mental anguish, and pain and suffering of a nature usually associated with the intentional and malicious acts detailed herein.

55.   The conduct of Defendants, and each of them, was offensive, malicious, outrageous, and done with the conscious disregard of Plaintiff's known rights. Furthermore, Defendants, and each of them, performed such acts with the intent of causing, or willfully disregarding the probability of causing, unjust and cruel hardship to Plaintiff. Accordingly, an assessment of punitive and exemplary damages should be made against Defendants in a sum to be proven at the time of trial.

## **FIFTH CAUSE OF ACTION**

### **Retaliation**

### **(Against All Defendants)**

56.   Plaintiffs incorporate by reference and re-alleges each and every allegation above as though fully set forth herein.

57.   Plaintiff is informed and believes and theron alleges that Defendants' adverse actions taken against her as set forth herein occurred in retaliation for Plaintiff's complaints of sexual battery, sexual assault and sexual harassment.  Such actions are unlawful, discriminatory and retaliatory in violation of Government Code Section 1940 et. seq. and have resulted in damages and injury to Plaintiff as alleged herein.

58.   By the aforesaid acts and conduct of Defendants, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earnings capacity and other pecuniary loss not presently ascertained for which Plaintiff will seek leave of court to amend when ascertained.

59.   The aforementioned acts of Defendants were willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial employees of Defendants and thereby justify the awarding pf punitive and exemplary damages in an amount to be determined at the time of trial.

## SIXTH CAUSE OF ACTION

### Wrongful Termination

### (Against All Defendants)

60.   Plaintiffs incorporate by reference and re-alleges each and every allegation above as though fully set forth herein.

61.   Plaintiff is informed and believes and theron alleges that Defendants' adverse actions taken against her as set forth herein occurred in retaliation for Plaintiff's complaints of sexual battery, sexual assault and sexual harassment.  Such actions are unlawful, discriminatory and retaliatory in violation of Government Code Section 1940 et. seq. and have resulted in damages and injury to Plaintiff as alleged herein.

62.   Plaintiff is informed and believes that the reason that she was terminated from her

employment was due to her reporting a manager's sexual battery, sexual assault and sexual harassment.

63.   By the aforesaid acts and conduct of Defendants, Plaintiff has been directly and legally caused to suffer actual damages including, but not limited to, loss of earnings and future earnings capacity and other pecuniary loss not presently ascertained for which Plaintiff will seek leave of court to amend when ascertained.

64.   The aforementioned acts of Defendants were willful, wanton, malicious, intentional, oppressive and despicable and were done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, and were done by managerial employees of Defendants and thereby justify the awarding pf punitive and exemplary damages in an amount to be determined at the time of trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1.   For damages for past and future medical, psychotherapy, and related expenses according to proof;

2.   For general damages for physical and mental pain and suffering and emotional distress according to proof;

3.   For damages for past loss wages and earning capacity, and/or future lost wages and earning capacity according to proof.

4.   For appropriate statutory damages.

5.   For punitive and exemplary damages according to proof;

6.   For prejudgment and post-judgment interest at the maximum legal rate;

7.   For reasonable attorney's fees as permitted by law;

8.   For costs of suit incurred herein; and

9.    For such other and further relief the Court deems just and proper.

Dated:  September 8, 2021                    OAKWOOD LEGAL GROUP, LLP


_____
Elan Zektser, Esq.
Attorney for Plaintiff

COMPLAINT FOR DAMAGES

## **DEMAND FOR JURY TRIAL**

Plaintiffs HEATHER BEER hereby demands a trial by jury on all causes of action, claims or issues that are triable as a matter of right to a jury.

Dated:  September 8, 2021                OAKWOOD LEGAL GROUP, LLP

_____

Elan Zektser, Esq.
Attorney for Plaintiff

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>ELAN ZEKTSER, ESQ. [SBN 236757]<br>OAKWOOD LEGAL GROUP, LLP<br>470 S. San Vicente Blvd., 2nd Floor<br>Los Angeles, CA 90048<br>TELEPHONE NO.: (310) 205-2525     FAX NO.: (310) 773-5573<br>ATTORNEY FOR *(Name):* Plaintiff, HEATHER BEER | **FOR COURT USE ONLY**<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**09/08/2021** at 09:54:33 PM<br>Clerk of the Superior Court<br>By Amy Woolf, Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN DIEGO
STREET ADDRESS: 325 South Melrose Drive
MAILING ADDRESS: 325 South Melrose Drive
CITY AND ZIP CODE: Vista, CA 92081
BRANCH NAME: North County Regional Center

CASE NAME:
BEER v. WAL-MART STORES EAST, LP, et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER:<br>37-2021-00038365-CU-OE-NC |
|---|---|---|---|
| ✔ **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ **Counter** ☐ **Joinder**<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Judge Earl H. Maas III<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
✔ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation**
**(Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ✔ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✔ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ✔ punitive
4. Number of causes of action *(specify):* 6
5. This case ☐ is ✔ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 09/08/2021
Elan Zektser, Esq.
_____
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*

**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer*
      *or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
      *domain, landlord/tenant, or*
      *foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-*
      *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
      *harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 325 S Melrose DRIVE |
| MAILING ADDRESS: | 325 S Melrose DRIVE |
| CITY AND ZIP CODE: | Vista, CA 92081-6695 |
| DIVISION: | North County |
| TELEPHONE NUMBER: | (760) 201-8028 |

| PLAINTIFF(S) / PETITIONER(S): | Heather Beer |
|---|---|

| DEFENDANT(S) / RESPONDENT(S): | Wal-Mart Stores East LP |
|---|---|

BEER VS WAL-MART STORES EAST LP [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: |
|---|---|
| | 37-2021-00038365-CU-OE-NC |

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge: Earl H. Maas, III                    Department: N-28

## COMPLAINT/PETITION FILED: 09/08/2021

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 04/29/2022 | 10:00 am | N-28 | Earl H. Maas, III |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

<u>TIME FOR SERVICE AND RESPONSE:</u> The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

<u>JURY FEES:</u> In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

<u>COURT REPORTERS:</u> Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

<u>ALTERNATIVE DISPUTE RESOLUTION (ADR):</u> The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases.  Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing.  E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court.  All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program."  This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain.  The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150.  Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed.  Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

# EXHIBIT B

Clarisse C. Petersen (SBN 260806)
Elisabeth F. Whittemore (SBN 308436)
JACKSON LEWIS P.C.
200 Spectrum Center Drive, Suite 500
Irvine, California 92618
Telephone:     (949) 885-1360
Facsimile:     (949) 885-1380
Email:          clarisse.petersen@jacksonlewis.com
                elisabeth.whittemore@jacksonlewis.com

Attorneys for Defendant WAL-MART STORES EAST, LP
(erroneously sued as WAL-MART STORES EAST, LP.)

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| HEATHER BEER, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>WAL-MART STORES EAST, LP.; and DOES 1 through 50, inclusive,<br><br>        Defendants. | **CASE NO. 37-2021-00038365-CU-OE-NC**<br><br>*[Assigned to Judge Earl H. Maas, III, Dept. N-28]*<br><br>**WAL-MART STORES EAST, LP'S ANSWER TO PLAINTIFF HEATHER BEER'S UNVERIFIED COMPLAINT FOR DAMAGES**<br><br>Complaint Filed:    Sept. 8, 2021<br>Trial Date:       None Set |

Defendant WAL-MART STORES EAST, LP (erroneously sued as WAL-MART STORES EAST, LP.) ("Defendant"), hereby answers Plaintiff HEATHER BEER's ("Plaintiff") unverified complaint ("Complaint"):

## GENERAL AND SPECIFIC DENIALS

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in the Complaint, and further denies that Plaintiff has been damaged in the amount or amounts alleged therein, or in any other amount, or at all, by reason of any act or omission on the part of Defendant, or by any act or omission by any agent or employee of Defendant.  Defendant further denies, generally and specifically, that Plaintiff is entitled to any relief whatsoever.

/ / /

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiff's Complaint and the causes of action alleged therein, and to each of them, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Cause of Action)

1.      The Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (Statutes of Limitation)

2.      Any recovery on Plaintiff's Complaint is barred by the applicable statutes of limitation, including, but not limited to, California Code of Civil Procedure sections 335.1, 338, 340, and 343; and California Government Code sections 12940, 12960, and 12965.

### THIRD AFFIRMATIVE DEFENSE

#### (After-Acquired Evidence)

3.      To the extent discovery may later disclose information which could serve as a basis for the termination of Plaintiff's employment, Plaintiff is barred from recovery, or any recovery must be reduced, by the after-acquired evidence doctrine.

### FOURTH AFFIRMATIVE DEFENSE

#### (Equitable Doctrines)

4.      Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred under the equitable doctrines of consent, waiver, estoppel, laches, and unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

5.      Plaintiff is barred from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate her damages.

/ / /

/ / /

/ / /

**SIXTH AFFIRMATIVE DEFENSE**

**(Offset)**

6.      Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant is entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed by Defendant under the doctrine prohibiting double recovery set forth by *Witt v. Jackson* (1961) 57 Cal.2d 57 and its progeny.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust)**

7.      Plaintiff's allegations for violations of the California Fair Employment and Housing Act are barred and this Court lacks jurisdiction to consider them to the extent Plaintiff failed to timely and properly exhaust her mandatory administrative remedies prior to commencing this action.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Legitimate Business Justification / At-Will Employment)**

8.      Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because all decisions related to Plaintiff's at-will employment were based on legitimate non-retaliatory business reasons.

**NINTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

9.      Plaintiff's allegations of harassment and retaliation are barred and/or any recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of available preventive or corrective opportunities or to avoid harm otherwise.   *State Dept. of Health Servs. v. Super. Ct. of Sacramento Cnty. (McGinnis)* (2000) 31 Cal.4th 1026.

**TENTH AFFIRMATIVE DEFENSE**

**(Workers' Compensation Pre-emption)**

10.      Plaintiff's claims and prayers for relief related to her alleged emotional injuries and other injuries attributable to the workplace are barred by the exclusive remedy under the California Workers' Compensation Act, Labor Code section 3200, *et seq.*

*/ / /*

### ELEVENTH AFFIRMATIVE DEFENSE

### (Vicarious Liability)

11.    Defendant cannot be held vicariously liable for the conduct alleged in the Complaint because, even assuming *arguendo* that the unlawful conduct occurred, Defendant was not aware of the alleged conduct, did not adopt, ratify, or condone it, and/or took prompt, remedial steps to prevent such conduct from happening or continuing.

### TWELFTH AFFIRMATIVE DEFENSE

### (Exercise of Reasonable Care)

12.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant exercised reasonable care to prevent and correct any alleged harassing or retaliatory behavior.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Privileged, Good Faith & Justified Conduct)

13.    Any recovery on Plaintiff's Complaint is barred because Defendant's conduct was privileged, made in good faith, and/or justified under applicable law and for valid business reasons.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Same Decision / Mixed Motive)

14.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because, assuming *arguendo* that retaliatory reasons had been a motivating factor in any employment decisions toward Plaintiff, Defendant would have made the same employment decisions toward Plaintiff in any case for separate legitimate and lawful business reasons.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Managerial Immunity)

15.    Any recovery on Plaintiff's Complaint, recovery for any injuries Plaintiff allegedly sustained as a result of any action by a management employee of Defendant is barred by the doctrine of managerial immunity.

/ / /

/ / /

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Self-Defense)

16.     California Civil Code section 50 and/or the privilege of self-defense bars Plaintiff's causes of action for assault and battery.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Consent)

17.     Plaintiff's purported causes of action for assault and battery are barred in that Plaintiff consented to or welcomed the actions complained of to the extent, if any, that they occurred.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Contributory / Comparative Fault)

18.     Any recovery on Plaintiff's Complaint as a whole, or any purported cause of action alleged therein, is barred by Plaintiff's own contributory and/or comparative fault.

### NINETEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

19.     Defendant is not liable to Plaintiff for punitive damages because neither Defendant nor any of its officers, directors, or managing agents committed any alleged oppressive, fraudulent, or malicious acts; authorized or ratified any such acts; had advance knowledge of the unfitness, if any, of the employee or employees, if any, who allegedly committed such acts; or employed any such employee or employees with a conscious disregard of the rights or safety of others, as required by California Civil Code section 3294(b).

### TWENTIETH AFFIRMATIVE DEFENSE

### (Punitive Damages Unconstitutional)

20.     Although Defendant denies that it has committed or has responsibility for any act that could support the recovery of punitive damages in this lawsuit, if any, to the extent any such act is found, recovery of punitive damages against Defendant is unconstitutional under numerous provisions of the United States Constitution and the California Constitution.

/ / /

/ / /

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Attorneys' Fees & Costs)

21.     Defendant has attorneys to represent it in defense of Plaintiff's frivolous, unfounded, and unreasonable action, and Defendant is thereby entitled to an award of reasonable attorneys' fees and costs pursuant to California Govern Code section 12965 upon judgment in its favor.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Additional Defenses)

22.     Defendant may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize Plaintiff's claims, due to the fact that Defendant does not have copies of certain documents bearing on Plaintiff's claims, and/or due to Plaintiff's failure to provide more specific information concerning the nature of the alleged damage and claims for certain costs which Plaintiff alleges that Defendant may share some responsibility. Defendant therefore reserves the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the documents provided, upon discovery of further information concerning the alleged damage claims and claims for costs, and upon the development of other pertinent information.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

That the Complaint be dismissed with prejudice and that Plaintiff take nothing thereby;

For reasonable attorneys' fees pursuant to California Government Code section 12965;

For costs of suit herein; and

For such other and further relief as the Court may deem just and proper.

Dated:  December 23, 2021                    JACKSON LEWIS P.C.

By:_____
Clarisse C. Petersen
Elisabeth F. Whittemore

Attorneys for Defendant WAL-MART STORES EAST, LP
(erroneously sued as WAL-MART STORES EAST, LP.)

**PROOF OF SERVICE**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**CASE NAME:**      *HEATHER BEER v. WAL-MART STORES EAST, LP., et al.*

**CASE NUMBER:**     **CASE NO. 37-2021-00038365-CU-OE-NC**

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  200 Spectrum Center Drive, Suite 500, Irvine, California 92618.

On **December 23, 2021,** I caused the following document(s) described as:  **WAL-MART STORES EAST, LP'S ANSWER TO PLAINTIFF HEATHER BEER'S UNVERIFIED COMPLAINT FOR DAMAGES** to be served on all interested parties in this action addressed as follows:

| | |
|---|---|
| Raymond J. Zolekhian, Esq.<br>Elan Zekster, Esq.<br>Brennan S. Huelse, Esq.<br>OAKWOOD LEGAL GROUP, LLP<br>470 South San Vicente Blvd., 2nd Floor<br>Los Angeles, California 90048 | Attorneys for Plaintiff HEATHER BEER<br><br>Telephone:      (310) 205-2525<br>Telephone:      (310) 773-55739<br>Email:           raymond@oakwoodlegal.com<br>                     elan@oakwoodlegal.com<br>                     brennan@oakwoodlegal.com |

☒      **BY MAIL:**   As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒      **STATE** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed **December 23, 2021** at Irvine, California.

Gabriela Rubio                              By: _Gabriela Rubio_

_____                    _____
Print Name                                              Signature

4862-2323-4054, v. 1

# EXHIBIT C



# State of California
## Secretary of State
## Bill Jones

**2 0 0 2 0 0 8 0 0 0 2 0**

## FOREIGN LIMITED PARTNERSHIP
## APPLICATION FOR REGISTRATION

**A $70.00 filing fee must accompany this form.**
**IMPORTANT-- Read instructions before completing this form.**

# FILED
In the office of the Secretary of State
of the State of California

## DEC 3 1 2001

BILL JONES, Secretary of State

This Space For Filing Use Only

---

1. NAME UNDER WHICH THIS FOREIGN LIMITED PARTNERSHIP PROPOSES TO REGISTER AND TRANSACT BUSINESS IN CALIFORNIA (END NAME WITH THE WORDS "LIMITED PARTNERSHIP" OR THE ABBREVIATION "L.P.")

WAL-MART STORES EAST, LP

2. NAME OF THE FOREIGN LIMITED PARTNERSHIP, IF DIFFERENT FROM THAT ENTERED ABOVE

| 3. ADDRESS OF THE PRINCIPAL EXECUTIVE OFFICE | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 702 SW 8TH STREET, BENTONVILLE, AR, 72716-0555 | | | |

| 4. ADDRESS OF THE PRINCIPAL OFFICE IN CALIFORNIA (IF ANY) | CITY | STATE | ZIP CODE |
|---|---|---|---|
| | | CA | |

5. THIS FOREIGN LIMITED PARTNERSHIP WAS FORMED ON NOVEMBER 9, 2001 IN DELAWARE
   (MONTH) (DAY) (YEAR) (STATE OR COUNTRY)

AND IS AUTHORIZED TO EXERCISE ITS POWERS AND PRIVILEGES AS A LIMITED PARTNERSHIP IN THAT STATE OR COUNTRY OF FORMATION

6. NAME OF THE AGENT FOR SERVICE OF PROCESS IN THIS STATE, AND CHECK THE APPROPRIATE PROVISION BELOW:
Corporation Service Company which will do business in California as
CSC-Lawyers Incorporating Service , WHICH IS

☐ AN INDIVIDUAL RESIDING IN CALIFORNIA. PROCEED TO ITEM 7.

☒ A CORPORATION WHICH HAS FILED A CERTIFICATE PURSUANT TO SECTION 1505. PROCEED TO ITEM 8.

7. IF AN INDIVIDUAL, CALIFORNIA ADDRESS OF THE AGENT FOR SERVICE OF PROCESS.

ADDRESS

CITY STATE CA ZIP CODE

8. IN THE EVENT THE ABOVE AGENT FOR SERVICE OF PROCESS RESIGNS AND IS NOT REPLACED, OR IF THE AGENT CANNOT BE FOUND OR SERVED WITH THE EXERCISE OF REASONABLE DILIGENCE, THE SECRETARY OF STATE OF THE STATE OF CALIFORNIA IS HEREBY APPOINTED AS THE AGENT FOR SERVICE OF PROCESS OF THIS FOREIGN LIMITED PARTNERSHIP.

9. NAMES AND BUSINESS OR RESIDENCE ADDRESSES OF ALL GENERAL PARTNERS (ATTACH ADDITIONAL PAGES IF NECESSARY)

A. NAME  WAL-MART STORES EAST, INC.

ADDRESS 702 SW 8TH STREET

| CITY BENTONVILLE | STATE/COUNTRY AR | ZIP CODE 72716-0555 |
|---|---|---|

B. NAME

ADDRESS

| CITY | STATE/COUNTRY | ZIP CODE |
|---|---|---|

C. NAME

ADDRESS

| CITY | STATE/COUNTRY | ZIP CODE |
|---|---|---|

10. NUMBER OF PAGES ATTACHED (IF ANY)

11. I CERTIFY THAT THE STATEMENTS CONTAINED IN THIS DOCUMENT ARE TRUE AND CORRECT TO MY OWN KNOWLEDGE. I DECLARE THAT I AM THE PERSON WHO IS EXECUTING THIS INSTRUMENT, WHICH EXECUTION IS MY ACT AND DEED.

GENERAL PARTNER                           12- 21 -01
                                          DATE

Allison D. Garrett, on behalf of Wal-Mart Stores East, Inc. - General Partner
PRINT NAME

SEC/STATE (REV. 10/98)                    FORM LP-5 - FILING FEE: $70.00
                                          Approved by Secretary of State

# EXHIBIT D



**Secretary of State**

**Certificate of Correction**
Limited Liability Company (LLC) or
Limited Partnership (LP)

LLC-LP-11

# FILED
## Secretary of State
## State of California
08/06/2021
Filing Date

This Space For Office Use Only

IMPORTANT - <u>Read Instructions</u> before completing this form.

**Filing Fee** - $30.00

**Copy Fees** - First page $1.00; each attachment page $0.50;
Certification Fee - $5.00

| 1. **Entity Name** (Enter the exact name of the entity on file with the California Secretary of State.)<br><br>WAL-MART STORES EAST, L.P. | 2. **12-Digit Entity Number** (Enter the exact 12-digit Entity Number issued by the California Secretary of State.)<br><br>200200800020 |
|---|---|
| 3. **Document Title** (Enter the title of the document being corrected.)<br>Foreign Limited Partnership Application for Registration | 4. **File Date of Document Being Corrected** (MM/DD/YYYY)<br><br>12/31/2001 |

**5. Document Provision(s)**

| | |
|---|---|
| 5a. | Enter the inaccurate information and the reason it is inaccurate, or the manner in which the signing was defective.<br><br>The entity name is showing periods between the L and P and after the P (L.P.). This is incorrect as there are no periods between L and P or after P in the entity name as registered in the domestic state (DE) |
| 5b. | Enter the corrected information or correct signature.<br><br>Entity name should be: WAL-MART STORES EAST, LP |

**6. Parties to the Document Being Corrected** (Limited Liability Company - must list the name of each person who signed the document being corrected. Correcting a Merger - Limited Liability Companies and Limited Partnerships must list the entities involved in the merger.)

**Read, and Sign Below.** <u>See Instructions</u> **for signature requirements.** (This certificate must be signed in the same way the document being corrected was required to be signed.)

Additional pages set forth on attached pages, if any, are incorporated herein by reference and made part of this Form LLC-LP-11. All attachments should be 8 ½ x 11, one sided, legible, and clearly marked as an attachment to this Form LLC-LP-11.

I declare I am the person who executed this instrument, which execution is my act and deed. By signing this document, I affirm under penalty of perjury that the stated facts are true and correct.

| _Gordon Y. Allison_ (signature) | Gordon Y. Allison | President of Wal-Mart Stores East, Inc., GP |
|---|---|---|
| Signature | Type or Print Name | Business Title |

LLC-LP-11 (EST 01/2021)

2021 California Secretary of State
bizfile.sos.ca.gov

# Delaware

Page 1

### The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY "WAL-MART STORES EAST, LP" IS DULY FORMED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL EXISTENCE SO FAR AS THE RECORDS OF THIS OFFICE SHOW, AS OF THE EIGHTH DAY OF APRIL, A.D. 2021.

AND I DO HEREBY FURTHER CERTIFY THAT THE ANNUAL TAXES HAVE BEEN PAID TO DATE.



Jeffrey W. Bullock, Secretary of State

3455699  8300

SR# 20211222956

You may verify this certificate online at corp.delaware.gov/authver.shtml

Authentication: 202923106

Date: 04-08-21

200200800020

# PROOF OF SERVICE

## _Heather Beer v.  v. Wal-Mart Stores East, LP, et al._
### USDC Case No:

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  200 Spectrum Center Drive, Suite 500, Irvine, California 92618.

On **December 23, 2021,** I caused the following document(s) described as: **DECLARATION OF ELISABETH F. DEFENDANT WAL-MART STORES EAST, LP'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441(B), AND 1446** to be served on all interested parties in this action addressed as follows:

| | |
|---|---|
| Raymond J. Zolekhian, Esq.<br>Elan Zekster, Esq.<br>Brennan S. Huelse, Esq.<br>OAKWOOD LEGAL GROUP, LLP<br>470 South San Vicente Blvd., 2nd Floor<br>Los Angeles, California 90048 | Attorneys for Plaintiff HEATHER BEER<br><br>Telephone:  (310) 205-2525<br>Facsimile:  (310) 773-55739<br>Email:  raymond@oakwoodlegal.com<br>elan@oakwoodlegal.com<br>brennan@oakwoodlegal.com |

☒ **BY MAIL:**   As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **FEDERAL** - I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed **December 23, 2021** at Irvine, California.

| | |
|---|---|
| Gabriela Rubio | By: _Gabriela Rubio_ |
| Print Name | Signature |

4882-3649-9974, v. 1